# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 23-1486V
Filed: April 25, 2025

| | |
|---|---|
| BRIAN ANDREW VERGARA,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Special Master Horner |

*Andrew Donald Downing, Downing, Allison & Jorgenson, Phoenix, AZ,* former counsel for petitioner.
*Christopher Williams, Siri & Glimstad LLP, New York, NY,* current counsel for petitioner.
*Lauren Kells, U.S. Department of Justice, Washington, DC,* for respondent.

**DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS**[1]

      On August 29, 2023, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.* (2012) ("Vaccine Act").[2] (ECF No. 1.) Petitioner alleged that he suffered acute disseminated encephalomyelitis ("ADEM") as a result of an October 14, 2022 influenza ("flu") vaccination. (*Id.*) Petitioner later amended his petition to correct the date of vaccination, alleging that he suffered ADEM as a result of a November 13, 2021 flu vaccination. (ECF No. 8.) This case was initially assigned to another special master and subsequently reassigned to the undersigned on February 13, 2025. (ECF Nos. 16-17, 32-33.)

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Within this decision, all citations to § 300aa will be to the relevant sections of the Vaccine Act at 42 U.S.C. § 300aa-10, *et seq.*

On December 26, 2024, petitioner moved for an award of interim attorneys' fees and costs in the amount of $40,254.26, including $34,556.00 in attorneys' fees and $5,698.26 in costs.[3]  (ECF No. 28.)  On January 10, 2025, respondent filed his response, noting that "[n]either the Vaccine Act nor Vaccine Rule 13 requires respondent to file a response to a request by petitioner for an award of attorneys' fees and costs."  (ECF No. 30, p. 1.)  He deferred to the undersigned to determine whether petitioner has met the legal standard for an award of interim attorneys' fees and costs as set forth in *Avera v. Secretary of Health & Human Services*, 515 F.3d 1343 (Fed. Cir. 2008), as well as the statutory requirements for an award of attorneys' fees and costs.  (*Id.* at 2.)  Respondent requests that I exercise my discretion to determine what would constitute reasonable attorneys' fees and costs.  (*Id.* at 3.)  Petitioner did not file any reply.

For the reasons discussed below, petitioner's motion is GRANTED, and interim attorneys' fees and costs are awarded in the requested amount.

Section 15(e)(1) of the Vaccine Act allows for the special master to award "reasonable attorneys' fees, and . . . other costs."  § 300aa-15(e)(1)(A)-(B).  Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act or, even if they are unsuccessful, if the special master finds that the petition was filed in good faith and with a reasonable basis.  *Avera*, 515 F.3d at 1352.  I conclude that this case was filed in good faith and with a reasonable basis.  *Accord Brown v. Sec'y of Health & Human Servs.*, No. 09-426V, 2011 WL 5029865 (Fed. Cl. Spec. Mstr. Sept. 30, 2011) (another special master finding a petitioner entitled to compensation for ADEM caused-in-fact by a flu vaccine); *Daniels v. Sec'y of Health & Human Servs.*, No. 07-462V, 2012 WL 763175 (Fed. Cl. Spec. Mstr. Feb. 16, 2012) (another special master awarding damages for ADEM resulting from flu vaccination).

Additionally, the Federal Circuit has concluded that interim fee awards are permissible and appropriate under the Vaccine Act.  *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372, 1374-75 (Fed. Cir. 2010); *Avera*, 515 F.3d at 1352.  In *Avera*, the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained."  515 F.3d at 1352.  In *Shaw*, the Federal Circuit clarified that, "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees."  609 F.3d at 1375.  The fact that an attorney is withdrawing may be a circumstance that warrants an interim award, but it is not necessarily so.  *Compare Woods v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 148 (2012), *with McKellar v. Sec'y of Health & Human Servs.*, 101 Fed. Cl. 297 (2011).  Here, I exercise my discretion to award interim attorneys' fees and costs, given the length of time this case has been pending, the amount at issue, and the fact that the motion is prompted by former counsel winding down his practice in the

---

[3] Following the filing of petitioner's motion for interim attorneys' fees and costs, Mr. Williams was substituted in place of Mr. Downing as counsel of record for petitioner.  (ECF No. 28.)

program.  *Accord Chinea v. Sec'y of Health & Human Servs.*, No. 15-95V, 2019 WL 3206829 (Fed. Cl. Spec. Mstr. June 11, 2019) (suggesting threshold requirements for an award of interim fees and costs includes at least $30,000.00 in fees incurred and at least an 18-month pendency).

It is "well within the special master's discretion" to determine the reasonableness of fees.  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines ex rel. Sevier v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs.").  The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  *Avera*, 515 F.3d at 1347-48.  This is a two-step process.  *Id.*  First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  *Id.* at 1348.

Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Such applications should not include hours that are "excessive, redundant, or otherwise unnecessary."  *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  Attorneys' costs must also be reasonable.  *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992) ("The conjunction 'and' conjoins both 'attorneys' fees' and 'other costs' and the word 'reasonable' necessarily modifies both.  Not only must any request for reimbursement of attorneys' fees be reasonable, so also must any request for reimbursement of costs."), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).  Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).

The undersigned has reviewed the attorney billing records submitted with petitioner's request.  (ECF No. 28-1, pp. 1-18.)  I do not see any reason to reduce the hourly rates requested or the hours billed.[4]  *See Cracraft v. Sec'y of Health & Human Servs.*, No. 20-0562V, 2024 WL 2992939 (Fed. Cl. Spec. Mstr. May 9, 2024); *Wakileh v. Sec'y of Health & Human Servs.*, No. 21-1136V, 2023 WL 9228198 (Fed. Cl. Spec. Mstr. Dec. 18, 2023).  I have further reviewed the requested costs (ECF No. 28-1, pp. 18-55) and find them to be reasonable and sufficiently documented.

---

[4] Work was performed at the following hourly rates:

- Mr. Downing: $445 for work performed in 2023; $485 for work performed in 2024.
- Ms. Allison: $415 for work performed in 2023; $435 for work performed in 2024.
- Paralegals Avery, Malvick, Perez: $155 for work performed in 2023; $175 for work performed in 2024.

(ECF No. 28, pp. 33-34; ECF No. 28-1.)

**Accordingly, the undersigned awards a lump sum of $40,254.26, representing reimbursement for attorneys' fees and costs, to be paid through an ACH deposit to petitioner's former counsel of record, Andrew Donald Downing's IOLTA account for prompt disbursement.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

s/Daniel T. Horner
Daniel T. Horner
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.